IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| LUMA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, KARL STORZ ENDOVISION, INC. and KARL STORZ ENDOSCOPY-AMERICAN, INC.,<br><br>Defendants. | ) | Civil Action No. 1:02-1132<br><br>**JURY TRIAL DEMANDED** |

**STRYKER CORPORATION'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant, Stryker Corporation, by and through its attorneys, answers Plaintiff's Complaint as follows:

**Parties**

1. Plaintiff Luma is a West Virginia corporation, with its principal place of business at 311 Courthouse Road, Princeton, Mercer County, West Virginia.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 1 of the Complaint.

2. On information and belief, defendant Stryker Corporation ("Stryker") is a Michigan corporation having a place of business at 2725 Fairfield Road, Kalamazoo, Michigan.

Answer: Admitted.

3. On information and belief, defendant Karl Storz Endovision, Inc. ("Karl Storz Endovision") is a Massachusetts corporation having a place of business at 91 Carpenter Hill Road, Charlton, Massachusetts.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 3 of the Complaint.

4. On information and belief, defendant Karl Storz Endoscopy-America, Inc. ("Karl Storz Endoscopy") is a California corporation having a place of business at 600 Corporate Pointe, Culver City, California.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5. This action arises under the Patent Act, 35 U.S.C. § 271 *et seq.* This Court has original and exclusive jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Answer: Stryker admits that Plaintiff alleges that its cause of action arises under the patent laws of the United States, Title 35. Stryker further admits that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(c), (d) and/or 1400(b).

Answer: Admitted, but venue is more appropriate in California in accordance with 28 U.S.C. § 1404.

## Nature of Action

7. On April 21, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,740,801 ("the '801 patent"), entitled MANAGING INFORMATION IN AN ENDOSCOPY SYSTEM. The '801 patent is directed at devices for medical procedures like endoscopy. The '801 patent is attached hereto as Exhibit A.

Answer: Stryker admits that the '801 patent issued on April 21, 1998. Stryker denies that the '801 patent was duly and legally issued. Stryker denies the patent is directed at devices for medical procedures like endoscopy. Stryker admits the '801 patent was attached as Exhibit A to the Complaint.

8. Plaintiff Luma was assigned and now holds all rights in the '801 patent.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 8 of the Complaint.

9. Plaintiff Luma sells systems and components pursuant to the '801 patent.

Answer: Stryker understands that Luma sells systems and components, but is without information to form a belief as to the truth of whether those products are sold pursuant the '801 patent as set forth in paragraph 9 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 9 of the Complaint.

10. On information and belief, defendant Stryker makes, uses, sells, offers for sale and/or imports devices and components protected by the '801 patent.

Answer: Denied.

11. On information and belief, defendant Karl Storz Endovision makes, uses, sells, offers for sale and/or imports devices and components protected by the '801 patent.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 11 of the Complaint.

12. On information and belief, defendant Karl Storz Endoscopy makes, uses, sells, offers for sale and/or imports devices and components protected by the '801 patent.

Answer: Stryker is without information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and, accordingly, denies the allegations set forth in paragraph 12 of the Complaint.

**Luma's Count 1**

13. Luma realleges each and every allegation set forth in Paragraphs 1 through 12, inclusive, and incorporates them herein by reference.

Answer: Stryker incorporates by reference and realleges the responses and denials set forth in paragraphs 1-12 above.

14. Stryker, Karl Storz Endovision and Karl Storz Endoscopy have been and are still infringing, contributorily infringing and/or inducing the infringement of the '801 patent, either directly or under the doctrine of

equivalents, by making, using, selling and/or importing devices claimed in the '801 patent, and will continue to do so unless enjoined by this Court.

Answer: Stryker denies the allegations set forth in paragraph 14 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 14 and therefore denies them.

15. Stryker's Karl Storz Endovision's and Karl Storz Endoscopy's infringement of the '801 patent has been and continues to be willful and deliberate. This infringement of the '801 patent has injured and continues to injure Luma, unless enjoined by this Court.

Answer: Stryker denies the allegations set forth in paragraph 15 as they relate to Stryker. Stryker is without information to form a belief as to the truth of the remaining allegations set forth in paragraph 15 and therefore denies them.

**Stryker's Affirmative Defenses**

16. Stryker incorporates by reference and realleges the responses and denials set forth in paragraphs 1-15.

17. Stryker has not engaged in any act that constitutes an infringement, either literal or under the doctrine of equivalents, of any claim of the '801 patent under any section of 35 U.S.C. § 271.

18. The claims of the '801 patent are invalid for failure to meet one or more conditions of patentability as specified in Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and 112. No valid claim of the '801 patent can be validly construed to cover any product of Stryker.

19. The claims of the '801 patent are unenforceable against Stryker because Luma's claims are barred by Luma's laches and equitable estoppel.

20. Luma's claims are barred in whole or in part by 35 U.S.C. § 287.

**Stryker's Counterclaim**

21. Stryker is a Michigan corporation and has its principal place of business in Kalamazoo, Michigan.

22. Upon information and belief, Luma is a West Virginia corporation and has its principal place of business in Princeton, West Virginia.

23. This counterclaim seeks a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 5,740,801 ("the '801 patent") arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Rule 13 of the Federal Rules of Civil Procedure, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

24. This action may be brought in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**Factual Background**

25. Luma first brought the '801 patent to Stryker's attention in May 2000, over two and one-half years ago. On May 22, 2000, one of Luma's predecessor law firms, Adams Law Firm, asked Stryker to review the '801 patent and explain why Stryker's products are not covered by the '801 patent.

26. In its May 2000 letter, Luma's counsel, however, provided no analysis of any claim of the '801 patent and did not allege that any Stryker product infringes the '801 patent. Luma's counsel failed to provide any such analysis in a subsequent letter dated October 3, 2000.

27. Luma's counsel expressly stated on November 28, 2000 that it did not charge Stryker with infringement in either the May 22 letter or subsequent October 3 letter.

28. On November 20, 2000, Stryker, through its counsel, responded to Luma's requests. Stryker specifically enumerated reasons why its products do not infringe the '801 patent. Stryker further detailed that the '801 patent is invalid under 35 U.S.C. § 102 or § 103 in light of prior art.

29. Next, Luma's counsel requested that Stryker provide detailed confidential information "concerning the components and operation of Stryker's system." Specifically, Luma's counsel requested confidential operation manuals or other comparable product literature for Stryker's Hermes Control System, SCD Pro Image Capture System, and 888 Camera System.

30. Stryker, through its counsel, provided the requested confidential information to Luma's counsel approximately two weeks later with the requirement that Luma's counsel maintain the information in confidence and not share the information with anyone outside Adams Law Firm. Even after receipt of Stryker's confidential information, Adams Law Firm never alleged infringement. Instead, it requested that it have permission to provide the Stryker confidential information to a second law firm (Flint & Kim).

31. Approximately eighteen months after Luma first brought the '801 patent to Stryker's attention, a third law firm (McNair Law Firm, which did not seek permission to review the Stryker confidential documents) threatened Stryker with patent infringement. Specifically, McNair Law Firm claimed that Stryker's SDC Pro and SDC Pro II Systems infringe the '801 patent. McNair Law Firm did not provide any analysis of any claim of the '801 patent in its letter charging infringement.

32. Again, on January 31, 2002, through its counsel, Stryker responded to Luma's charges and explained why Stryker's products do not infringe the '801 patent. Luma's silence ensued. McNair Law Firm never responded to Stryker's January 31st letter and never explained any bases for alleged infringement.

33. Over two years after the first letter from one of Luma's predecessor law firms, a fourth law firm, Quinn Emanuel Urquhart Oliver & Hedges, on behalf of Luma, filed this lawsuit on September 11, 2002. Luma alleges that Stryker, Karl Storz Endovision, Inc. ("KSE"), and Karl Storz Endoscopy, America Inc. ("KSEA") infringe the '801 patent. Stryker believes it was added as a party in bad faith for the purpose of aiding Luma's case against KSE and KSEA.

**Count I –**
**Declaratory Judgment of Noninfringement and Invalidity**

34. Stryker realleges and incorporates by reference each of the allegations set forth above in paragraphs 16-34.

35. Luma, by its Complaint, alleges it is the owner by assignment of the '801 patent and alleges that the '801 patent is infringed by Stryker.

36. No product made, used, sold, or offered for sale by Stryker constitutes an infringement, either literal or under the doctrine of equivalents, of any valid, enforceable claim of the '801 patent under any section of 35 U.S.C. § 271. The '801 patent is invalid and therefore unenforceable for failure to meet one or more conditions of patentability as specified in the Patent Laws (Title 35 of the U.S. Code), including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

37. An actual, justiciable controversy therefore exists between the parties as to the validity, enforceability, and infringement of the '801 patent.

38. Stryker is entitled to judgment by this Court declaring the '801 patent invalid, unenforceable, and not infringed by Stryker.

39. Due to Luma's bad faith in joining Stryker as a defendant, this case is exceptional entitling Stryker to recover its attorney fees and costs pursuant to 35 U.S.C. § 285.

**Jury Demand**

40. Stryker demands a trial by jury on all issues so triable in this Counterclaim.

WHEREFORE, Stryker demands judgment against Luma as follows:

a. That Luma's Complaint be dismissed in its entirety with prejudice;

b. That U.S. Patent No. 5,740,801 be declared invalid, unenforceable and/or not infringed by defendant;

c. That Luma is not entitled to any of the relief prayed for in its Complaint, or to any relief whatever;

d. That judgment be entered awarding Stryker its costs and expenses in this action, and reasonable attorney fees, under 35 U.S.C. § 285 and other applicable statutes and laws; and

e. For such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: December 23, 2002

William B. Flanigan
SANDERS, AUSTIN, PRUDICH
& FLANIGAN
Hunter Park
320 Courthouse Road
Princeton, West Virginia 24740-2421

Timothy J. Malloy
Gregory J. Vogler
Robert A. Surrette
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

Attorneys for Defendant,
STRYKER CORPORATION

## CERTIFICATE OF SERVICE

I do hereby certify that on the 23rd day of December, 2002, I caused to be served on counsel in the above-captioned case by facsimile and Federal Express (overnight delivery) a copy of **STRYKER CORPORATIONS ANSWER TO COMPLAINT AND COUNTERCLAIM** to:

Jerry J. Cameron, Esq. (Hand-delivered)
BREWSTER, MORHOUS, CAMERON et al
418 Bland Street
Bluefield, West Virginia 24701

Paul J. Andre, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065

Wayne L. Evans, Esq. (Hand-delivered)
KATZ, KANTOR & PERKINS
P.O. Box 727
Bluefield, West Virginia 24701

David W. Aldrich, Esq.
ST. ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, Connecticut 06905-5619