IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LUMA CORPORATION,

Plaintiff,

vs. Civil Action No. 1 02-1132

STRYKER CORPORATION; KARL STORZ ENDOVISION, INC.; and KARL STORZ ENDOSCOPY-AMERICA, INC.,

Defendants

KARL STORZ ENDOSCOPY-AMERICA, INC.,

Counterclaim Plaintiff,

vs.

LUMA CORPORATION; DR. PHILIP BRANSON

Counterclaim Defendants

and

MEDICAL DIGITAL PHOTOGRAPHY, INC.

Third Party Defendant

JAN - 2 20..

**KARL STORZ ENDOSCOPY-AMERICA, INC.'S ANSWER**
**TO COMPLAINT AND COUNTERCLAIMS**

Defendant Karl Storz Endoscopy-America, Inc. ("KSEA"), by counsel, as for its answer to the Complaint of plaintiff Luma Corporation("Luma" or "Plaintiff") states and alleges as follows:

KATZ, KANTOR
& PERKINS, P.L.L.C.
ATTORNEYS AT LAW

Answering the allegations of the specific paragraphs of the Complaint, KSEA responds as follows:

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

4. Admits.

5. Admits.

6. Admits.

7. Admits only that the face of the '801 patent indicates that it was issued by the United States Patent and Trademark Office on April 21, 1998. Denies that the '801 patent was duly and legally issued.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

11. Denies.

12. Denies.

13. Affirms each and every answer to the allegations as set forth in answers 1-12.

14. Denies with respect to Karl Storz Endoscopy-America. With respect to Stryker and Karl Storz Endovision, lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

15. Denies with respect to Karl Storz Endoscopy-America. With respect to Stryker and Karl Storz Endovision, lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

16. Denies with respect to Karl Storz Endoscopy-America. With respect to Stryker and Karl Storz Endovision, lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, this allegation is denied.

## COUNTERCLAIM I

17. KSEA counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 U.S.C., with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, and pursuant to Fed. R. Civ. P. 13.

18. This counterclaim arises out of the same transactions and occurrences that are the subject of the claims asserted in the Complaint in the above-captioned action. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Plaintiff is subject to personal jurisdiction of this Court in this district and elsewhere.

19. An actual controversy exists between KSEA and Plaintiff by virtue of the allegations of the Complaint in this action and the answer thereto as to whether the '801 patent is invalid and not infringed by KSEA.

20. Luma and/or Dr. Branson own or have rights to sue under the '801 patent.

21. KSEA has not and is not infringing any valid and enforceable claim of the '801 patent.

22. The '801 patent is invalid and/or unenforceable and/or no damages may be received by Plaintiff for failure to comply with one or more provisions of 35 U.S.C. *et seq.*, including but not limited to §§ 102, 103, 112, 286, 287 and 307(b).

KATZ, KANTOR
& PERKINS, P.L.L.C.
ATTORNEYS AT LAW

23. Based on the foregoing, KSEA is entitled to a declaratory judgment that the '801 patent is invalid, unenforceable and not infringed by KSEA.

24. This is an exceptional case entitling KSEA to attorneys fees and costs pursuant to the doctrine of patent misuse, Fed.R.Civ.P. 11, and/or 35 U.S.C. § 285.

**COUNTERCLAIM II**

25. KSEA counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 U.S.C., with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, and pursuant to Fed. R. Civ. P. 13.

26. This counterclaim arises out of the same transactions and occurrences that are the subject of the claims asserted in the Complaint in the above-captioned action. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Plaintiff is subject to personal jurisdiction of this Court in this district and elsewhere.

27. An actual controversy exists between KSEA and Plaintiff by virtue of the allegations of the answer in this action thereto as to whether U.S. Patent No. 5,877,819 patent is invalid and not infringed by KSEA.

28. Luma and/or Dr. Branson own or have rights to sue under the '819 patent.

29. KSEA has not and is not infringing any valid and enforceable claim of the '819 patent.

30. The '819 patent is invalid and/or unenforceable and/or no damages may be received by Plaintiff for failure to comply with one or more provisions of 35 U.S.C. *et seq.*, including but not limited to §§ 102, 103, 112, 286, 287 and 307(b).

31. Based on the foregoing, KSEA is entitled to a declaratory judgment that the '819 patent is invalid, unenforceable and not infringed by KSEA.

WHEREFORE, KSEA prays that:

A. The Complaint be dismissed with prejudice;

B. Judgment be entered in favor of KSEA on its Counterclaims, including an order that the '801 and '819 patents are invalid, unenforceable and not infringed by KSEA; and

C. KSEA be awarded its allowable costs and fees and such other and further relief as is just and proper.

Respectfully submitted,

Dated: 2 January, 2003

Wayne L. Evans
Katz, Kantor &Perkins
Law & Commerce Building
Suite 502-17
P.O. Box 727
Bluefield, West Virginia 24701
Tel: (304) 327-3551
Fax: (304) 325-7495

Wesley W. Whitmyer, Jr.
Richard J. Basile
David W. Aldrich
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, CT 06905-5619
Tel: (203) 324-6155
Fax: (203) 327-1096

Attorneys for Defendant
Karl Storz Endovision, Inc.

## CERTIFICATE OF SERVICE

I do hereby certify that on the 2nd day of January, 2003 I caused to be served on Counsel in the above-captioned case by facsimile and Federal Express (overnight delivery) a copy of the **KARL STORZ ENDOSCOPY-AMERICA, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** to:

Jerry J. Cameron
BREWSTER, MORHOUSE, CAMERON et al
418 Bland Street
Bluefield West Virginia 24701

Paul J. Andre
QUINN EMANUEL URQUHART OLIVER & HEDGES
555 Twin Dolphin Drive, Suite 650
Redwood Shores, California 94065

William B. Flanigan
SANDERS, AUSTIN, PRUDICH & FLANIGAN
Hunter Park
320 Courthouse Road
Princeton, West Virginia 24740-2421

Timothy J. Malloy
Gregory J. Volger
Robert A. Surrette
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661

WAYNE L. EVANS
KATZ, KANTOR & PERKINS
Law & Commerce Bldg. Suite 502-17
Bluefield, West Virginia 24701
Telephone: (304) 327-3551
Facsimile (304) 325-7495

WESLEY W. WHITMYER, JR.
RICHARD J. BASILE
DAVID W. ALDRICH
ST. ONGE STEWARD JOHNSTON
& REENS LLC
986 Bedford Street
Stamford, CT 06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096

Attorneys for Defendant
KARL STORZ ENDOVISION, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| LUMA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, KARL STORZ ENDOVISION, INC.; and KARL STORZ ENDOSCOPY-AMERICA, INC.<br><br>Defendants. | **CIVIL ACTION NO. 1:02-1132**<br><br>**DECLARATION OF PAUL PATRIARCO** |

**DECLARATION OF PAUL PATRIARCO**

I, Paul Patriarco , do state and declare as follows:

1.) I am the General Manager of Karl Storz Endovision (hereinafter "KSE") in Charlton, Massachusetts. KSE is an

affiliate of Karl Storz Endoscopy-America, Inc., plaintiff in this case. I am responsible for all products manufactured and sold by KSE. I have held the position of General Manager at KSE for 1 3/4 years and have been employed by affiliate companies for about 10 years.

2.) KSE does not now and has not ever designed, made, sold, offered for sale, or imported any video or image storage devices of any kind.

3.) KSE makes and sells optical fiber, light sources, insufflation devices and flexible endoscopes.

I declare under penalty of perjury that the foregoing is true and correct.

12/31/02
Date

Paul Patriarco