IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JAN 1 4 2003

LUMA CORPORATION, Plaintiff,

vs. Civil Action No.: 1:02-CV-1132

STRYKER CORPORATION; KARL STORZ ENDOVISION, INC.; and KARL STORZ ENDOSCOPY-AMERICA, INC., Defendants.

**LUMA CORPORATION'S REPLY TO**
**STRYKER CORPORATION'S COUNTERCLAIM**

Plaintiff Luma Corporation ("Luma") answers Stryker Corporation's ("Stryker") counterclaim included in Stryker Corporation's Answer To Complaint And Counterclaim ("Counterclaim") as follows. Each paragraph carries the same number as the paragraph in the Counterclaim to which the paragraph responds.

**Stryker's Counterclaim**

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

**Factual Background**

25. Admitted.

26. Admitted.

27. Admitted.

28. In a letter dated November 20, 2000, Stryker provided a brief general discussion of why it believes that certain products did not infringe United States Patent No. 5,740,801 ("the '801 patent") and why it believes that certain claims of the '801 patent may not be valid depending on how those claims are interpreted. Luma

admits the allegations contained in paragraph 28 of the Counterclaim to the extent the allegations are not inconsistent with the above response.

29. In a letter dated November 28, 2000, Luma requested any available manuals and literature that describe Stryker's products. Luma did not specifically request confidential materials. Except as expressly admitted, Luma denies each and every allegation contained in paragraph 29 of the Counterclaim.

30. Luma requested any materials on Stryker's products. Luma denies that it specifically requested confidential information. Luma denies that the materials provided by Stryker are confidential. Luma admits the remaining allegations in paragraph 30 of the Counterclaim.

31. Luma denies that McNair Law Firm was a third law firm and Luma denies that it received materials from Stryker that are confidential. Luma further denies that it did not provide any analysis. Luma admits the remaining allegations in paragraph 31 of the Counterclaim.

32. Luma denies that Stryker explained in its letter dated January 31, 2002, why its products do not infringe the '801 patent. Luma admits the remaining allegations in paragraph 32 of the Counterclaim.

33. Luma denies that Quinn Emanuel Urquhart Oliver & Hedges is a fourth law firm. Luma denies that Stryker was added as a party to this lawsuit in bad faith with the purpose to aid Luma's case against Karl Storz Endoscopy-America, Inc. and Karl Storz Endovision, Inc. Luma admits the remaining allegations in paragraph 33 of the Counterclaim.

**Count I**

34. Luma states that the averments incorporated by reference in paragraph 34 constitute legal conclusions that require no response. Except as expressly admitted, Luma denies each and every allegation contained in paragraphs 16-34 of the Counterclaim.

35. Admitted.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

**Affirmative Defenses**

Luma asserts all affirmative defenses found in Rule 8(c) of the Federal Rules of Civil Procedure, including but not limited to the contributory/comparative negligence of Stryker as those defenses may apply to the facts of this civil action, as determined through discovery.

Wherefore, Luma respectfully requests that Stryker's counterclaim be dismissed; that all relief requested therein be denied; and, that Luma be awarded its costs and attorney's fees.

LUMA CORPORATION,

By Counsel.

Jerry J. Cameron
West Virginia State Bar ID #597
Brewster, Morhous, Cameron, Mullins,
Caruth, Moore, Kersey & Stafford, PLLC
418 Bland Street
P.O. Box 529
Bluefield, West Virginia 24701
304-325-9177

and

Paul J. André
Norbert Stahl
Joel M. Curzon
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
650-620-4500

## CERTIFICATE OF SERVICE

I, Jerry J. Cameron, attorney for defendants, in the above-styled civil action, hereby certify that on the 13th day of January, 2003, I served the foregoing LUMA CORPORATION'S REPLY TO STRYKER CORPORATION'S COUNTERCLAIM upon all counsel of record, by depositing a true copy thereof into the United States mail, postage prepaid, in envelopes addressed as follows:

William B. Flanigan
Sanders, Austin, Prudich & Flanigan
320 Courthouse Road
Bluefield, West Virginia 24701
Attorney for Defendant, Stryker Corporation

Timothy J. Malloy
Gregory J. Vogler
Robert A. Surrette
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Attorney for Defendant, Stryker Corporation

Wayne L. Evans
Katz, Kantor & Perkins
P. O. Box 727
Bluefield, West Virginia 24701
Attorney for Defendants, Karl Storz Endovision, Inc. and Karl Storz Endoscopy-America, Inc.

Wesley W. Whitmyer, Jr.
Richard J. Basile
David W. Aldrich
St. Onge, Steward, Johnston & Reens, LLC
986 Bedford Street
Stamford, Connecticut 06905
Attorney for Defendants, Karl Storz Endovision, Inc. and Karl Storz Endoscopy-America, Inc.

Jerry J. Cameron