IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LUMA CORPORATION,

    Plaintiff,

v.                                     CIVIL ACTION NO. 1:02-1132

STRYKER CORPORATION and
KARL STORZ ENDOSCOPY-AMERICA, INC.,

    Defendants.

KARL STORZ ENDOSCOPY-AMERICA, INC.,

    Plaintiff,

v.                                     CIVIL ACTION NO. 1:02-1479

LUMA CORPORATION,

    Defendant.

## MEMORANDUM OPINION

Pending before the court are several motions:

(1)  Karl Storz Endoscopy-America's ("Karl Storz") motion for attorney fees (Doc. No. 533);

(2)  Luma Corporation's ("Luma") motion to stay Karl Storz's motion for attorney fees pending appeal, or in the alternative, for an extension of time within which to file a response to the motion for attorney fees (Doc. No. 553); and

(3)  Luma's motion for entry of final judgment to certify the judgment order entered in this case on July 24, 2006 (Doc. No. 525), and the amended judgment order

entered on August 15, 2006 (Doc. No. 528), and to
dismiss without prejudice all outstanding claims and
counterclaims. (Doc. No. 562.)

Having reviewed the record and applicable law, and for
reasons outlined below, the court, in a judgment order filed
herewith, orders as follows:

(1)   Pursuant to Rule 54(b) of the Federal Rules of Civil
      Procedure, the court GRANTS Luma's motion for entry of
      final judgment (Doc. No. 562) and certifies its prior
      judgment order entered on July 24, 2006 (Doc. No. 525)
      and its amended judgment order entered on August 15,
      2006 (Doc. No. 528).

(2)   The court DISMISSES WITHOUT PREJUDICE all outstanding
      claims and counterclaims not addressed in its previous
      judgment order and amended judgment order.
      Specifically, this court dismisses without prejudice
      Stryker Corporation's ("Stryker") counterclaim
      regarding the non-infringement of claims 1-13, 16, 18,
      20-28, 31, 33, and 35-55 of United States Patent No.
      5,740,801 (the "'801 Patent"), and its counterclaim
      regarding the invalidity of claims 1-43 and 46-55 of
      the '801 Patent (Doc. No. 10); it dismisses without
      prejudice Karl Storz's counterclaim regarding the
      noninfringement of claims 44-45 of the '801 Patent, and

2

its counterclaim regarding the invalidity and

unenforceability of United States Patent No. 5,877,819

(the "819 Patent") (Doc. No. 13); and it dismisses

without prejudice Karl Storz's third party complaint

against Medical Digital Photography, Inc. ("MDP") (Doc.

No. 21).

(2)     The court DENIES IN PART AND GRANTS IN PART Luma's

motion to stay the attorney fee petition, or in the

alternative for an extension of time in which to file a

response.  The Court DENIES Luma's motion to stay Karl

Storz's motion for attorney fees pending appeal, but it

GRANTS Luma's motion in that it requests an extension

of time within which it may file a response to Karl

Storz's motion for attorney fees.  Accordingly, Luma

will have 30 days from the entry of the accompanying

judgment order within which to file a response to

defendant Karl Storz's motion for attorney fees (Doc.

No. 533).  Defendant Karl Storz will then have 7

business days within which to file a reply memorandum,

if it so wishes.

(3)     Pursuant to Rule 58(c)(2) of the Federal Rules of Civil

Procedure, this court ORDERS that Karl Storz's motion

for attorney fees (Doc. No. 533) toll the time within

which to file a notice of appeal.

3

## I.  Background

On July 24, 2006, this court entered its judgment order granting summary judgment in favor of defendants Karl Storz and Stryker.  (Doc. No. 525.)  On August 15, 2006, this court entered an amended judgment order to correct an error of law in the July 24 judgment order.  (Doc. No. 528.)  The amended judgment order still granted summary judgment in favor of defendants.  On August 29, 2006, Karl Storz filed a motion for attorney fees.  (Doc. No. 533.)  Luma filed a notice of appeal on September 1, 2006 (Doc. No. 536), and on September 25, 2006, Luma filed a motion to stay Karl Storz's motion for attorney fees pending appeal, or in the alternative for an extension of time in which to file a response to Karl Storz's motion (Doc. No. 553).  Karl Storz responded to Luma's motion to stay on October 11, 2006 (Doc. No. 560), and Luma filed its reply memorandum on October 19, 2006 (Doc. No. 561).  As such, Luma's motion to stay the attorney fee dispute pending appeal is ripe for adjudication.

After Luma filed its notice of appeal, the parties contended that various claims not addressed in this court's judgment order and amended judgment order remained unadjudicated, thus preventing the matter from being ripe for appeal.  However, because Luma had filed a notice of appeal, this court no longer had jurisdiction over the matter.  Luma subsequently filed a motion to dismiss its appeal, which the appellate court granted

on October 23, 2006.  On November 8, 2006, Luma filed a motion

for entry of final judgment.  (Doc. No. 562.)  Karl Storz timely

filed its response memorandum (Doc. No. 564), and Luma filed a

reply memorandum (Doc. No. 565).  As such, Luma's motion for

final judgment (Doc. No. 562) is ripe for adjudication.

## II. Analysis

### A.  Motion for Final Judgment

Under Rule 54(b) of the Federal Rules of Civil Procedure,

when multiple claims are presented in a cause of action, "the

court may direct the entry of a final judgment as to one or more

but fewer than all of the claims or parties only upon an express

determination that there is no just reason for delay and upon an

express direction for the entry of judgment."  Rule 54(b) "allows

the district court to provide relief to litigants that would

suffer undue hardship if final judgment is not entered on the

adjudicated claim prior to the resolution of the unadjudicated

claims."  Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d

1331, 1335 (4th Cir. 1993).

District courts must engage in a two part test to effectuate

a Rule 54(b) certification.  See Curtis Wright Corp. v. General

Electric Corp., 446 U.S. 1, 7-8 (1980).  First, a district court

must determine whether there is a final judgment.  See id. at 7.

A final judgment "must be a 'judgment' in the sense that it is a

decision upon a cognizable claim for relief, and it must be

5

'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id.

After determining that there is a final judgment, district courts must then determine whether no just reason exists for delaying an appeal. See id. at 8. In determining whether there is no just reason for delay, courts should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell Shipyards, 2 F.3d at 1335-36.

Both parts of the two-part test outlined in Curtis Wright are met. First, there is a final judgment in this case. The '801 Patent encompasses 55 separate claims (Doc. No. 1 Ex. A at 1). This court held that Karl Storz and Stryker did not infringe claims 14, 15, 17, 19, 29, 30, 32, and 34. (Doc. No. 525.) The court also held that claims 44 and 45 of the '801 Patent are invalid. (Id.) Further, the court held that Karl Storz did not infringe claims 1-13, 16, 18, 20-28, 31, 33, 35-43, and 46-55 of the '801 Patent. (Id.) This is an ultimate disposition of these

individual claims, and it is a final judgment within the meaning

of Rule 54(b).   See Curtis Wright Corp, 446 U.S. at 7.

Second, there is no just reason for delaying the appeal of

these individual claims because this court adjudicated all

disputed claims.  Initially, Luma asserted all 55 claims in the

'801 Patent in its complaint (Doc. No. 1 ¶ 14).  Later, Luma

decided to assert only claims 14, 15, 17, 19, 29, 30, 32, 34, 44,

and 45 in the '801 Patent.  (See Doc. No. 453 Exs. D & E.)

However, Luma refused to voluntarily dismiss the remaining

claims.  (See Doc. No. 453 Exs. F, G, H, I, & J.)

Additionally, both Stryker and Karl Storz filed

counterclaims against Luma seeking a declaratory judgment of

noninfringement and invalidity of all claims in the '801 patent.

(Docs. No. 10 ¶ 23, 13 ¶ 23.)  Karl Storz also filed a

counterclaim seeking a declaratory judgment of noninfringement

and invalidity of all claims in the '819 Patent.  (Doc. No. 13 ¶

31.)[1]  Further, Karl Storz filed a third-party complaint against

Medical Digital Photography, Inc.  (Doc. No. 21.)

Karl Storz presented evidence that it did not infringe the

---

[1] Before Luma filed this lawsuit, Karl Storz had already
filed an action against Luma seeking a declaratory judgment of
noninfringement and invalidity of the '801 Patent and the '819
Patent in the Central District of California.  (Doc. No. 142;
Civil Action No. 1:02-1479.)  After Luma filed its complaint in
this court, Karl Storz's declaratory action was transferred here
and consolidated with Luma's infringement lawsuit.  (Doc. No.
142.)

'801 Patent, but it presented no evidence with respect to the invalidity of claims 1-43 and 46-55 of the '801 Patent, and it presented no evidence with respect to the '819 Patent.   Karl Storz also presented no evidence regarding its third party complaint against Medical Digital Photography.   Stryker presented no evidence with respect to the noninfringement of claims 1-13, 16, 18, 20-28, 31, 33, 35-43, and 46-55 of the '801 Patent, and it presented no evidence of invalidity with respect to claims 1-43 and 46-55 of the '801 Patent.

Given the fact that the parties have not addressed the remaining claims in years, it is clear that they are not paramount to this lawsuit.   Further, because the parties have not provided any evidence to this court with respect to the remaining claims, it would have to order the parties to brief these claims before adjudicating them.   However, ordering the parties to brief the remaining claims would be a waste of time and judicial resources, especially since this court has already adjudicated all actively disputed claims.   Therefore, the court finds no reason to delay the appeal of the adjudicated claims.

Thus, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this court certifies its prior judgment order (Doc. No. 525) and amended judgment order (Doc. No. 528) as a final judgment.   Additionally, this court dismisses without prejudice

all remaining claims and counterclaims not addressed in its previous judgment order and amended judgment order.

### B.   ATTORNEY FEE ISSUE

Karl Storz filed a motion for attorneys' fees, alleging that Luma acted with gross negligence and recklessness in bringing this lawsuit.  (Doc. No. 533.)  Luma filed a motion to stay the attorney fees issue pending resolution of its appeal to the Federal Circuit Court of Appeals.  (Doc. No. 554.)  Luma argues that if its appeal is successful, Karl Storz's motion for attorney fees would be rendered moot.  (Doc. No. 554 at 4.)

Rule 54(d)(2) of the Federal Rules of Civil Procedure establishes the procedure for moving for attorneys' fees. Parties generally have 14 days to file a motion for attorneys' fees.  Fed. R. Civ. P. 54(d)(2)(B).  Rule 58 provides that if a party timely moves for attorneys' fees, the district court "may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely filed motion under Rule 59."  Fed. R. Civ. P. 58(c)(2).  Appellate Rule 4(a)(4) suspends appeal time when a party moves for attorneys' fees "if the district court extends the time to appeal under Rule 58."  Fed. R. App. P. 4(a)(4)(iii).

The 1993 amendments to the Civil Rules and Appellate Rules reflect the intention that "district courts should act to

9

facilitate a single appeal that covers both disposition on the merits and disposition of attorney fee issues."  15B Charles Allen Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3915.6 (Supp. 2006); <u>see also</u> <u>Gilda Marx, Inc. v. Wildwood Exercise, Inc.</u> 85 F.3d 675, 679-80 n.5 (D.C. Cir. 1996) (per curiam) ("Obviously, from the appellate court's perspective, it would be desirable if the merits appeal and the appeal from the final order on [attorney] fees could be decided together.  Indeed, this appears to be the import of the 1993 amendments to the civil and appellate rules.")

Accordingly, this court grants in part and denies in part Luma's motion to stay the attorney fee issue pending resolution of its appeal (Doc. No. 554).  The court denies Luma's motion to the extent that it asks to stay the proceedings for attorneys' fees.  However, this court grants Luma's motion to the extent that it asks for an extension of time in which to respond to Karl Storz's motion for attorneys' fees.  Accordingly, Luma will have 30 days from the entry of this judgment order within which to file a response to defendant Karl Storz's motion for attorney fees (Doc. No. 533).  Defendant Karl Storz will then have 7 business days within which to file a reply memorandum, if it so wishes.

Further, pursuant to Rule 58(c)(2) of the Federal Rules of Civil Procedure, this court orders that Karl Storz's motion for

attorneys' fees (Doc. No. 533) suspend the time to file an appeal.

### III.   CONCLUSION

For reasons outlined above, by accompanying Judgment Order, this court certifies its prior judgment order (Doc. No. 525) and amended judgment order (Doc. No. 528) pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and it dismisses without prejudice all claims and counterclaims not addressed in those prior orders.  Further, the court denies Luma's motion to stay all attorneys' fees proceedings pending resolution of its appeal, but grants Luma's request for an extension of time in which to respond to Karl Storz's motion for attorneys' fees.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 10th day of January, 2007.

ENTER:

David A. Faber
Chief Judge